Louis B. Heller, J.
In this action for personal injuries plaintiff moves for an order fixing the priorities of lien of the Holy Family Hospital hereinafter referred to as the ‘ ‘ hospital ’ ’ and *586 the Workmen’s Compensation Board hereinafter referred to as the “ board ” apparently pursuant to subdivision 6-a of section 189 of the Lien Law.
It is contended by the board that payment of its lien has priority over the hospital lien pursuant to section 227 of the Workmen’s Compensation Law. On the other hand, the hospital contends its lien has priority pursuant to subdivision 1 of section 189 of the Lien Law.
While both lienors submit various dates to bolster their claims as to when their liens became effective, the following facts appear to be undisputed. Both claimants concede that the attorneys for the plaintiff have a first lien of $741.26 against the proceeds of the settlement in the sum of $1,600, leaving a balance of $858.74 upon which the respective liens can attach. The lien of the hospital which was in the sum of $684.85, has culminated into a judgment of $741.75. The lien of the board is $625. Mathematically, it is apparent that the total sum of the liens being asserted exceed the balance of the proceeds after the deduction of the attorneys’ lien.
Though there is merit to the technical objection raised by the hospital that the plaintiff is proceeding improperly pursuant to subdivision 6-a of section 189 of the Lien Law, as there is no dispute relative to the validity or reasonableness of the hospital lien and such section does not give the court the power to determine the priorities involved herein, nevertheless, the court will under its general jurisdiction, pass upon the matter in order to finalize the rights of the parties.
Subdivision 1 of section 227 of the Workmen’s Compensation Law creates an unequivocal lien on behalf of an insurance carrier or chairman of the Workmen’s Compensation Board, who have paid compensation or disability benefits to an injured employee.
Subdivision 1 of section 189 of the Lien Law clearly states that no lien of a hospital shall be effective unless written notice shall prior to the payment of any money to the injured be mailed to the person or persons alleged to be liable to the injured party, as well as to the insurance carrier which insured such person. It further provides that any hospital claiming such lien shall, in addition, file in the office of the County Clerk an additional notice of lien setting forth the total hospital charges which have accrued.
It is conceded by the board that the latter notice was filed in the County Clerk’s office on April 27,1961.
While the disability statute of the Workmen’s Compensation Law creates an unequivocal lien subordinate only to the attorneys’ lien and expenses, it is the court’s opinion that such lien *587 only became effective at the time the payments are made to the injured employee. The exhibits submitted clearly demonstrate that the employee plaintiff did not receive his first payment or check of $25 until July 24,1961 and the balance of $600 by check dated September 12, 1961. Under the circumstances, the hospital lien came into existence prior to or at the latest by April 27,1961. This being so, the hospital lien must have priority over the lien of the board. This priority of lien, however, applied only to the sum in existence prior to the entry of the judgment with its ensuing costs and interest added, as the payment of the benefits of the board were made prior to the entry of the judgment.
Accordingly, upon the basis of the papers before it, the court fixes the value of the attorneys’ lien at $741.26 and finds that said lien is a first lien upon the settlement proceeds. The court further finds that the hospital is entitled to a second lien in the sum of $684.85 and the balance remaining of the proceeds, to wit, $173.89 as a third lien on behalf of the board.